# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES R. STUDEBAKER, SR. and BEVERLY STUDEBAKER<br><br>Plaintiffs<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, et al.,<br><br>Defendants. | CIVIL ACTION NO. 1:17-CV-12237-RGS |

## DEFENDANTS' MOTION TO STAY PROCEEDINGS

Pursuant to Rule 7(b)(1) of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules of the United States District Court for the District of Massachusetts, Defendants Metropolitan Life Insurance Company; Riley Power Inc. f/k/a Babcock Borsig Power Inc., f/k/a DB Riley, Inc., f/k/a Riley Stoker Corporation; Zurn Industries, Inc. f/k/a Erie City Ironworks; John Crane, Inc.; Air & Liquid Systems Corporation as Successor by Merger to Buffalo Pumps, Inc.; Alfa Laval, Inc. Individually and as Successor to The De Laval Separator Co. and Sharples, Inc.; Aurora Pump Co.; BW/IP International, Inc., as Successor to Byron Jackson Pumps; Carrier Corporation a/k/a Bryant Heating & Cooling Systems, Inc.; Cornell Pump Company; Crane Co.; Electrolux Home Products, Inc., f/k/a White Consolidated Industries, Inc., f/k/a Copes-Vulcan, Inc. and Jerguson Gage and Valve Company; Elliott Company; Flowserve US, Inc. as successor to Rockwell Manufacturing Co., Edward Valves, Inc. and Nordstrom Valves, Inc.; Flowserve f/k/a the Duriron Co., Inc., Durco International, Inc. and Byron Jackson Company; FMC f/k/a Northern Pump and Peerless Pump Co.; Fort Kent Holdings, Inc. f/k/a Dunham-Bush, Inc.; Gardner Denver, Inc.; Gould Pumps Incorporated; Grinnell LLC; IMO Industries, Inc., f/k/a DeLaval Steam Turbine Company; Ingersoll-Rand Company; Marotta Controls, Inc.; Marshall Engineered

Products Company, LLC; Milwaukee Valve Company, Inc.; Neles-Jamesbury, Inc. f/k/a

Jamesbury Corporation; Nibco, Inc.; Parker-Hannifin Corporation; Roper Industries, Inc.; Roth

Pump Company; The Fairbanks Company; The Gorman-Rupp Company; Viad Corp. as successor

to Griscom Russell; Viking Pump, Inc.; Warren Pumps, LLC; CBS Corporation, f/k/a Viacom,

Inc. Successor by Merger to CBS Corporation f/k/a Westinghouse Electric Corporation; and

General Electric Company (collectively, "Defendants"), by and through their Liaison Counsel,

hereby jointly move this Court to stay the proceedings in the above-referenced case pending the

resolution, by the United States Supreme Court, of the matter Air & Liquid Systems Corp. v.

Devries.  As grounds for their Motion, Defendants state:

1. Plaintiff Charles Studebaker alleges he was exposed to asbestos from Defendants' products while working as a boiler tender for the U.S. Navy.

2. Many of the products at issue did not contain asbestos when manufactured, sold, or distributed by Defendants.  Rather, Defendants provided their products in "bare-metal" form, with asbestos added to the products post-sale.

3. Whether a defendant may be liable, in the maritime context, for exposure to asbestos added to its "bare-metal" product post-sale is an issue pending before the United States Supreme Court in the matter Air & Liquid Sys. v. DeVries.

4. The issue in DeVries is dispositive of Mr. Studebaker's claims against those Defendants to whose "bare-metal" product asbestos was later added.

5. A brief stay pending the outcome of DeVries will narrow the issues in this case, while causing no substantial prejudice to Plaintiff.

6. In contrast, if no stay is granted, Defendants will suffer substantial prejudice, as they will be required to incur significant costs and expenses to defendant against claims which may ultimately be invalidated by the DeVries Court.

7. Accordingly, and for the reasons set forth in Defendants' accompanying Memorandum of Law, a brief stay of the above-captioned matter pending the outcome of DeVries is warranted.

WHEREFORE, Defendants, by and through their Liaison counsel, respectfully request that this Honorable Court:

1. Grant their Motion;

2. Stay proceedings in the above-captioned matter pending the resolution, by the United States Supreme Court, of the matter <u>Air & Liquid Systems Corp. et. al. v. Devries,</u> and

3. Provide such other relief as justice may require.


Respectfully Submitted,
Defendants,
By their Liaison Counsel,

Lawrence G. Cetrulo, BBO #  80000
Stephen T. Armato, BBO #  561006
Whitney K. Barrows, BBO #667458
Elizabeth S. Dillon, BBO# 683540
CETRULO LLP
Two Seaport Lane, 10th Floor
Boston, MA  02210
(617) 217-5500

DATED: September ___24___, 2018


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served this _24_ day of September, 2018, via the Electronic Case Filing system upon all counsel of record.

Elizabeth S. Dillon

## **LOCAL RULE 7.1 CERTIFICATE**

I, Elizabeth S. Dillon, as Liaison Counsel for Defendants in the above-referenced matter,

hereby certify that, pursuant to Rule 7.1(a)(2) of the Local Rules of the United States District

Court for the District of Massachusetts, my office conferred with counsel for Plaintiff Charles

Studebaker, and have attempted in good faith to resolve or narrow the issues set forth herein.

Elizabeth S. Dillon

<div align="center">

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MASSACHUSETTS**

</div>

| | |
|---|---|
| CHARLES R. STUDEBAKER, SR. and<br>BEVERLY STUDEBAKER<br><div align="center">Plaintiffs</div><br>v.<br><br>METROPOLITAN LIFE INSURANCE<br>COMPANY, et al.,<br><div align="center">Defendants.</div> | CIVIL ACTION NO. 1:17-CV-12237-RGS |

<div align="center">

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO
STAY PROCEEDINGS**

</div>

Pursuant to Rule 7(b)(1) of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules of the United States District Court for the District of Massachusetts, Defendants Metropolitan Life Insurance Company; Riley Power Inc. f/k/a Babcock Borsig Power Inc., f/k/a DB Riley, Inc., f/k/a Riley Stoker Corporation; Zurn Industries, Inc. f/k/a Erie City Ironworks; John Crane, Inc.; Air & Liquid Systems Corporation as Successor by Merger to Buffalo Pumps, Inc.; Alfa Laval, Inc. Individually and as Successor to The De Laval Separator Co. and Sharples, Inc.; Aurora Pump Co.; BW/IP International, Inc., as Successor to Byron Jackson Pumps; Carrier Corporation a/k/a Bryant Heating & Cooling Systems, Inc.; Cornell Pump Company; Crane Co.; Electrolux Home Products, Inc., f/k/a White Consolidated Industries, Inc., f/k/a Copes-Vulcan, Inc. and Jerguson Gage and Valve Company; Elliott Company; Flowserve US, Inc. as successor to Rockwell Manufacturing Co., Edward Valves, Inc. and Nordstrom Valves, Inc.; Flowserve f/k/a the Duriron Co., Inc., Durco International, Inc. and Byron Jackson Company; FMC f/k/a Northern Pump and Peerless Pump Co.; Fort Kent Holdings, Inc. f/k/a Dunham-Bush, Inc.; Gardner Denver, Inc.; Gould Pumps Incorporated; Grinnell LLC; IMO Industries, Inc., f/k/a DeLaval Steam Turbine Company; Ingersoll-Rand Company; Marotta Controls, Inc.; Marshall Engineered

<div align="center">5</div>

Products Company, LLC; Milwaukee Valve Company, Inc.; Neles-Jamesbury, Inc. f/k/a Jamesbury Corporation; Nibco, Inc.; Parker-Hannifin Corporation; Roper Industries, Inc.; Roth Pump Company; The Fairbanks Company; The Gorman-Rupp Company; Viad Corp. as successor to Griscom Russell; Viking Pump, Inc.; Warren Pumps, LLC; CBS Corporation, f/k/a Viacom, Inc. Successor by Merger to CBS Corporation f/k/a Westinghouse Electric Corporation; and General Electric Company (collectively, "Defendants"), by and through their Liaison Counsel, respectfully submit this Memorandum of Law in Support of their Motion to Stay Proceedings.

In Support of their Motion, Defendants state:

1. On October 4, 2017, Plaintiffs, Charles Studebaker ("Plaintiff" or "Mr. Studebaker") and Beverly Studebaker initiated the above-referenced action in the Massachusetts Superior Court for Middlesex County (C.A. No. 17-2892). On May 7, 2018, Plaintiffs filed the First Amended Complaint. On June 11, 2018, Plaintiffs filed the Second Amended Complaint.

2. The matter was removed to the United States District Court for the District of Massachusetts on November 13, 2017 (U.S.D.C. MA Dkt. No. 1).

3. In his Complaint and Disclosure Form, Mr. Studebaker alleges he suffers from mesothelioma caused by exposure to asbestos products allegedly manufactured, sold, or distributed by Defendants, which exposure occurred during the course of Mr. Studebaker's work as a boiler tender for the U.S. Navy.

4. Many of the products to which Mr. Studebaker claims he was exposed did not contain asbestos when manufactured, sold or distributed by Defendants. Rather, such products were provided by Defendants in so-called "bare-metal" format, to which asbestos was later added post-sale.

5. Whether a defendant may be liable, in the maritime context, to a plaintiff's exposure to asbestos added to its "bare-metal" product post-sale is an issue currently pending before the United States Supreme Court in the matter Air Liquid Sys. v. DeVries.

6. The issue before the DeVries Court is dispositive of Mr. Studebaker's claims against any Defendant to whose "bare-metal" product asbestos was later added.

7. A brief stay pending the outcome of DeVries will narrow the issues in this case, while causing no substantial prejudice to Plaintiff.

8.  In contrast, if no stay is granted, Defendants will suffer substantial prejudice, as they will be required to incur significant costs and expenses to defendant against claims which may ultimately be invalidated by the DeVries Court.

9.  Accordingly, and for the reasons set forth in herein, a brief stay of the above-captioned matter pending the outcome of DeVries is warranted.

## I.  **Legal Standard.**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936). Accord Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket"); Microfinancial, Inc. v. Premier Holidays Intern., Inc., 385 F. 3d 72, 77 (1st Cir. 2004) ("It is apodictic that federal courts possess the inherent power to stay proceedings for prudential reasons"). "Stays of proceedings can... promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions." Lopez v. Miami-Dade County, 145 F. Supp. 3d 1206, 1208 (S.D. Fla. 2015).

Courts use their discretion to grant stays when they are "likely to conserve judicial and party time, resources, and energy." Diomed, Inc. v. Total Vein Solutions, LLC, 498 F. Supp. 2d 385, 287 (D. Mass. 2007). Stays are appropriate when they promote "judicial efficiency in terms of the simplifying or complicating of issues, proof, and questions of law" Coker v. Select Energy Servs., LLC, 161 F. Supp. 3d 492, 495 (S.D. Tex. 2015). "A typical reason for a stay is the pendency of a related proceeding in another tribunal," (Water Quality Protection Coalition v. Municipality of Arecibo, 858 F. Supp. 2d 203 (D. P.R. 2012)), particularly where the resolution of the other matter, "would... narrow the issues in the pending case and assist in the determination of the questions of law involved." Taunton Gardens Co. v. Hills, 557 F. 2d 877, 879 (1st Cir. 1977).

Further, while not always the case, United States District Courts have granted stays where, as here, the United States Supreme Court has granted certiorari on a key issue. See Centeno v. Inslee, 310 F.R.D. 483, 491 (W.D. Wash. 2015) (grant of certiorari by Supreme Court "ensures that a stay will facilitate guidance by the ultimate arbiter" of the issue and "assist this Court in resolving the central open legal issue in the case"); Sikhs for Justice v. Nath, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) ("a court may also properly exercise its staying power when a higher court is close to settling an important issue of law bearing on the action"); Carter v. U.S., 2007 WL 2439500, *3 (D.Vt. 2007) ("it is common practice in this Circuit to postpone the final disposition of a case pending an upcoming decision in the United States Supreme Court"); Jugmohan v. Zola, 2000 WL 222186, *5 (S.D.N.Y. 2000) ("Postponing the final disposition of a case pending an upcoming decision by the United States Supreme Court is a practice exercised by the Second Circuit in the interest of judicial economy"); Illinois Iowa Power Co. v. N. Am. Light & Power Co., 49 F. Supp. 277, 281 (D. De. 1943) (Supreme Court's grant of review was "added reason" for Court to grant stay).

"While there is a heavy burden on the party requesting a stay to justify requiring a litigant in one cause to stand aside while a litigant in another settles the rule of law that will define the rights of both, there is also considerable discretion in the district court to weigh the competing interests." Taunton Gardens, 577 F. 2d at 879. These interests include: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F. 3d 1098, 1110 (9th Cir. 2005).

Here, the Court should use its discretion to grant a stay in this case. As set forth below, Defendants will suffer considerable harm if no stay is granted, whereas Plaintiff will not be prejudiced by a stay of the proceedings. Further, a stay will promote judicial economy in this case.

## II.   ARGUMENT

### A. Defendants will suffer considerable harm if no stay is granted.

Without a stay of the instant action, Defendants will suffer considerable harm. As set forth above, the issues in DeVries are dispositive as to many of Mr. Studebaker's claims in this case. Defendants whose products were provided in a "bare-metal" form, with asbestos added only post-sale should not be required to incur significant legal expense in engaging in costly discovery and motion practice and otherwise defending themselves when the Supreme Court's decision in DeVries may render Mr. Studebaker's claims as to against them invalid.  See, e.g., Coker, 161 F. Supp. 3d at 495 ("The interest of judicial economy favors a stay because discovery and substantial expenses, which may be needlessly incurred" if the Supreme Court renders Plaintiff's claims moot); Figueroa v. Carrington Mortgage Servs. LLC, 2016 WL 718289, *3 (M.D. Fla. 2016) ("the potential savings to the parties from unnecessary discovery expenses, as well as potential savings in judicial economy, outweigh any hardship on [Plaintiff] that may be caused by the delay"); Frable v. Synchrony Bank, 215 F. Supp. 3d 818, 821 (D. Minn. 2016) (because parties could "incur unnecessary litigation fees and expenses," without a stay, stay of litigation pending Supreme Court decision was warranted).

### B. In contrast, a stay will not prejudice Plaintiff.

In contrast, Mr. Studebaker will not be prejudiced if a stay is granted. First, Mr. Studebaker will not be prejudiced by the length of the stay, as Defendants request only a limited stay, until such a time as the Supreme Court has rendered its decision in DeVries. See Coker, 161 F. Supp.

3d at 495 (Plaintiff not prejudiced by limited stay pending Supreme Court decision); <u>Centeno</u>, 310 F.R.D. at 491 (same). Second, Mr. Studebaker may actually benefit from a stay, as he too can avoid litigation expenses which would be unnecessarily incurred if <u>DeVries</u> renders his claims against certain Defendants invalid. <u>See</u> <u>Frable</u>, 215 F. Supp. 3d at 821 (noting a stay would avoid unnecessary litigation expenses by both parties).

### C.  A stay will promote judicial efficiency in this case.

A stay of this case also will promote the interests of judicial economy. The Supreme Court's determination, in <u>DeVries</u>, of whether a defendant may be liable for a plaintiff's maritime-related exposure to asbestos added to a "bare-metal" product post-sale is dispositive of many of Mr. Studebaker's claims in the instant action. This fact "weighs heavily" in favor of a stay. <u>See</u> <u>Charles v. Ghee</u>, 325 F. Supp. 829, 831 (N.D. Ohio 2004) ("I conclude the case on appeal to the Supreme Court may have a dispositive effect on the instant case. This factor weighs heavily in favor of granting the stay").

Further, waiting for the Supreme Court to render its decision will serve avoid the expenditure of unnecessary judicial resources, and will simplify the issues pending before this Court. <u>See</u> <u>Coker</u>, 161 F. Supp. 3d at 495 ("Waiting... until the Supreme Court has ruled... will avoid expending unnecessary judicial resources" and will "simplify and resolve threshold issues," pending before the Court); <u>Lair</u>, 871 F. Supp. 2d at 1068 ("stays may be appropriate if resolution of issues in the other proceeding would assist in resolving the proceeding sought to be stayed"); <u>Frable</u>, 215 F. Supp. 3d at 822 (stay of litigation warranted where it would conserve judicial resources); <u>Nath</u>, 893 F. Supp. 2d at 622 ("it would be an inefficient use of time and resources of the court and the parties to proceed in light of a pending U.S. Supreme Court decision, particularly

where that decision may not settle every question of fact and law before this Court, but in all likelihood it will settle many and simplify them all") (internal citation omitted).

### D. Other United States District Courts have granted stays pending the outcome in *DeVries*.

The United States District Court for the Eastern District of Pennsylvania has granted several Motions to Stay pending the outcome of the *DeVries* matter. (See Order, Hedrick v. Air & Liquid Sys. Corp, E.D. Penn. Civ. No. 2:16-cv-00476-ER (August 7, 2018), (attached hereto as Exhibit A); Order, Hedrick v. A.O. Smith Corp., E.D. Penn. Civ. No. 2:16-cv-00476-BMS (August 6, 2018), (attached hereto as Exhibit B); McAfee v. 20th Century Glove Corp., E.D. Penn. Civ. No. 5:13-cv-6856-GDP (May 29, 2018) (attached hereto as Exhibit C); DeVries v. General Elec. Co., E.D. Penn. Civ. No. 5:13-00474-ER (January 23, 2018) (attached hereto as Exhibit D); and Boesenhofer v. AECOM, E.D. Penn. Civ. No. 2:17-cv-01072-ER (June 11, 2018) (attached hereto as Exhibit E). In addition, the United States District Court for the District of New Jersey has granted a Motion to Stay pending the outcome of the *Devries* matter. (See Order, Hammell v. Air & Liquid Systems Corporation, et el., NJ. Civ. No. 3:14-cv-00013-MAS-TJB (May 16, 2018) (attached hereto as Exhibit F). Defendants are unaware of any denial, by any Court, of any Motion to Stay Proceedings pending the outcome of *DeVries*. As such, Defendants respectfully suggest that this Court should follow the decisions of the District Court for the Eastern District of Pennsylvania and grant their Motion to Stay the Proceedings in the above-referenced action.

## III.    <u>CONCLUSION.</u>

WHEREFORE, Defendants, by and through their Liaison counsel, respectfully request that

this Honorable Court:

1.  Grant their Motion;

2.  Stay proceedings in the above-captioned matter pending the resolution, by the United States Supreme Court, of the matter <u>Air & Liquid Systems Corp. et. al. v. Devries</u>; and

3.  Provide such other relief as justice may require.

<div style="margin-left:40%">

Respectfully Submitted,
Defendants,
By their Liaison Counsel,

Lawrence G. Cetrulo, BBO #  80000
Stephen T. Armato, BBO #  561006
Whitney K. Barrows, BBO #667458
Elizabeth S. Dillon, BBO# 683540
CETRULO LLP
Two Seaport Lane, 10th Floor
Boston, MA  02210
(617) 217-5500

</div>

DATED: September _____24_____, 2018

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served this _24_ day of

September, 2018, via the Electronic Case Filing system upon all counsel of record.

Elizabeth S. Dillon

## **LOCAL RULE 7.1 CERTIFICATE**

I, Elizabeth S. Dillon, as Liaison Counsel for Defendants in the above-referenced matter, hereby certify that, pursuant to Rule 7.1(a)(2) of the Local Rules of the United States District Court for the District of Massachusetts, my office conferred with counsel for Plaintiff Charles Studebaker, and have attempted in good faith to resolve or narrow the issues set forth herein.

Elizabeth S. Dillon